IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL DAVID SHAFER, | : | CIVIL ACTION NO. 3:07-0264 |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | : | |
| Respondent[1] | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On February 12, 2007, the Petitioner, Samuel David Shafer, an inmate at the York County Prison ("YCP") at York, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus with the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241. (Doc. 1, Civil Action No. 07-0264). On February 12, 2007, Petitioner also filed an application for leave to proceed *in forma pauperis*. (Doc. 2).

We have not yet directed Respondent to respond to the Petition. We now give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *see also Pacitti v. Lindsay*, 2006

---

[1]We have substituted BICE as the Respondent since the Immigration and Naturalization Service ("INS"), which Petitioner has named as Respondent, was replaced by BICE. Doc. 1, p.1. We have directed the Clerk of Court to change the docket accordingly.

WL 1274997 *1 (M.D. Pa.).[2]

We find that Petitioner asserts one claim.  Petitioner claims that his removal, which the Bureau of Immigration and Customs Enforcement ("BICE") ordered, should be vacated and that BICE cannot remove him since it erroneously denied his claim of derivative citizenship.  Attached as Exhibits to the Habeas Petition are Petitioner's Certificate of Birth and a marriage Contract between his mother and adoptive father, and a Philippine Court Review regarding his adoption.  Alternatively, Petitioner requests that this court issue a writ of mandamus and direct BICE to adjudicate his original certificate of citizenship which he filed over 15 years ago. (Doc. 1, p. 1 & p. 6).  Petitioner states that he satisfies the requirements to derivative citizenship based on his adoptive father's naturalization under the former § 321 of the INA, 8 U.S.C. § 1432 or 1433(a). (Doc. 1, p. 6).  Petitioner claims that the Immigration Judge ("IJ") erroneously denied his claim for derivative citizenship and claims that his application for citizenship should have been granted since his adoptive father was naturalized in 1990, prior to Petitioner's 18th birthday. (*Id*., pp. 1-2). Petitioner also argues that the IJ's removal order of November 29, 2006 was wrong since his convicted crime, indecent assault and endangering the welfare of a child, does not constitute an aggravated felony for removal purposes.  Petitioner states that he filed an appeal, seemingly with the Board of Immigration Appeals ("BIA") of the IJ's removal order and that this appeal is still pending.  Petitioner indicates that no briefing schedule has been ordered yet. (*Id*., p. 2).

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Petitioner does not allege that his present confinement by BICE at YCP is excessive mandatory indefinite detention which has deprived him of due process under the Fifth Amendment. (Doc. 1, p. 1-6).

For relief of his only claim, *i.e.* that he was wrongfully denied derivative citizenship and thus BICE cannot remove him, Petitioner seems to request that this Court vacate his Removal Order and either grant his petition for derivative citizenship or direct BICE to adjudicate his original certificate for citizenship filed over 15 year ago. (Doc. 1, p. 6). As relief he states, "Petitioner obtained derivative United States citizenship through his father. Petitioner, therefore, is not deportable." *(Id.).*

First, we find that, insofar as Petitioner claims that the Immigration Court ("IC") did not properly analyze his criminal conviction, which was the basis for finding him removable, the first claim challenging the Removal Order should be dismissed, because this Court lacks jurisdiction pursuant to the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Real ID Act of 2005, Pub.L.No. 109-13 (May 11, 2005) ("Real ID Act"). (Doc. 1, p. 2). Petitioner is challenging, at least in part, the IC's order for Petitioner's removal.[3] He claims that he cannot be removed from the United States. Because this Court no longer has jurisdiction to hear a habeas petition, or portions thereof, that challenges a final order of removal, we recommend that the claim of Petitioner's Habeas Petition insofar as he challenges

---

[3]The date of the IJ's removal order is November 29, 2006, as indicated in this Habeas Petition. (Doc. 1, p. 2). As stated, Petitioner has appealed this removal order to the BIA and his appeal is still pending.

3

the Removal Order be dismissed.[4]  Further, with respect to Petitioner's claim that he was erroneously denied his claim to derivative citizenship by the IJ, we also find that the District Court does not have jurisdiction over such claim.

Further, we find that this Court has no jurisdiction over this petition in its entirety, since it does not allege that Petitioner has been subject to excessive mandatory indefinite detention by BICE.

## II. Claims of Habeas Petition.

As stated, Petitioner filed this Habeas Petition first seemingly to request that this Court vacate the IJ's order for his removal, dated November 29, 2006, from the United States.[5]  Petitioner claims that his convicted offense was not an aggravated felony which subjected him to removal. (Doc. 1, p. 2). Petitioner seems to claim that BICE failed to establish he was convicted of a criminal offense that satisfied the statutory requirements necessary for removal. (Doc. 1, p. 2).  Petitioner argues that the IJ committed legal error when it found him removable and when he denied his application for derivative citizenship. (Doc. 1, p. 2).  He also claims that in August 2006, BICE erroneously denied his claim to derivative citizenship. (Doc. 1, p. 6).

As stated, Petitioner does not claim that his continued detention by BICE violates his constitutional rights under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), which held that

---

[4] Since Petitioner filed his Habeas Petition after May 11, 2005, the effective date of the Real ID Act, we can no longer recommend that this Petition be transferred to the applicable Court of Appeals. However, Petitioner may file a Petition for Review with the court of appeals in the circuit court where the immigration court originally filed the removal order.

[5] Although a copy of the removal order is not attached to the Habeas Petition, we infer that Petitioner's removal was ordered to his country of origin, the Philippines.

"'government detention violates [the Fifth Amendment due process] clause unless the detention is ordered in a criminal proceeding with adequate procedural protections." (Doc. 1).

### III. Discussion.

Insofar as Petitioner challenges his Removal Order, claiming that BICE failed to prove that he was removable and that his convicted offense was not an aggravated felony, we find that this claim of the Habeas Petition should be dismissed for lack of jurisdiction pursuant to the Real ID Act of 2005. Further, with respect to his claim that BICE erroneously denied his claim of derivative citizenship (Doc. 1, p. 1), we find that the District Court has no jurisdiction. While Petitioner points to the case of *Bagot v. Ashcroft*, 398 F. 3d 252 (3d Cir. 2005), 2005 WL 32583 (Doc. 1, p. 3), to support his contention that the District Court has jurisdiction in this habeas case over his claim that BICE erroneously denied his application for derivative citizenship, the *Bagot* case was decided prior to the enactment of the Real ID Act. Further, this Court in *Gomez v. BICE*, 315 F. Supp. 2d 630 (M.D. Pa. 2004), held that the District Court had jurisdiction over a habeas petition asserting a nationality claim under § 1252(b)(5). However, the *Gomez* case was also decided before the enactment of the Real ID Act.

In *Jordan v. Ashcroft*, 424 F. 3d 320 (3d Cir. 2005), which was decided after the Real Id Act, the Court held that the Real Id Act applied to cases in which the final removal order was issued before, on or after the date of the Act's enactment. In our case, Petitioner's removal order was issued by the IJ in November 2006, and his appeal to the BIA is pending. Thus, Petitioner does not yet have a final order of removal. The Real ID Act clearly applies to our Petitioner's case.

In *Jordan*, pp. 326-327, the Court stated:

> The REAL ID Act, which became law just days after argument in this case on May 11, 2005, allows us to avoid the dense thicket of habeas jurisdiction over nationality claims. The REAL ID Act amended 8 U.S.C. § 1252 in several pertinent respects. First and foremost, it made petitions for review filed with the court of appeals the "sole and exclusive means for judicial review of" most orders of removal, including the order of removal at issue here. *See* 8 U.S.C. § 1252(a)(5) (1999 & Supp. 2005); *Bonhometre v. Gonzales*, 414 F.3d 442, 445 (3d. Cir. 2005). In so doing, the Act expressly eliminated district courts' habeas jurisdiction over removal orders. *Id; see also Kamara v. Attorney General of the United States*, 420 F.3d 202, 208 (3d Cir. 2005). At the same time, the Act also enlarged our jurisdiction, stating that none of its provisions "which limit[] or elminate[] judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (2005); *Bonhometre*, 414 F.3d at 445. We have explained that this amendment evidences Congress's "intent to restore judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders. This now permits all aliens, including criminal aliens, to obtain review of constitutional claims and questions of law upon filing of a petition for review with an appropriate court of appeals." *Papageorgious v. Gonzales*, 413 F.3d 356, 358 (3d Cir. 2005).

In *Jordan*, the District Court had granted Jordan's habeas petition in which he claimed derivative citizenship, and the Third Circuit converted the appeal of the District Court's order into a petition for review, vacated the District Court's decision, and addressed the merits of Jordan's stated nationality claim as if it had been raised in a petition for review at the outset. *Id.*, 327. The *Jordan* Court cited to *Marquez-Almanzar v. INS*, 418 F. 3d 210 (2d Cir. 2005), in which the Second Circuit considered a habeas petition asserting a nationality claim, which was dismissed by the District Court for lack of jurisdiction, as a petition for review. In *Jordan*, the Third Circuit, after it converted the appeal of the District Court's grant of a habeas petition into a petition for review,

then decided Petitioner's derivative citizenship claim.  The *Jordan* Court then stated that it exercised "plenary review over Jordan's derivative citizenship claim, as it presents a pure question of statutory interpretation." *Id*., 328. (Citation omitted).  The *Jordan* Court then considered the merits of Petitioner's derivative citizenship claim.

Thus, the *Jordan* Court converted the appeal of Petitioner's case into a petition for review in order to address Petitioner's merits of his claim of derivative citizenship.  *Id*., pp. 327-328. Therefore, the District Court no longer has jurisdiction over Petitioner's § 2241 habeas petition which raises a nationality claim and it must be filed as a petition for review under the Real ID Act with the Circuit Court where his removal order was issued.

Based on *Jordan*, we find that our Petitioner should have raised his nationality claim in the first instance in a petition for review with the Court of Appeals in the Circuit where his removal order was issued, and not in a § 2241 habeas petition with the District Court.

In *Soyemi v. Chertoff*, No. 05-mc-145, p. 2 (M.D. Pa. 2005), this Court stated as follows:

> On May 11, 2005, the Real ID Act was signed into law.  Section 106 of the Real ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal.  Real ID Act, § 106(a)(1) (adding INA § 242(a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)).
>
> The proper venue for a petition for review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings.  8 U.S.C. § 1252(b)(2).

The *Soyemi* Court concluded that, "[b]ecause we no longer have jurisdiction to hear habeas corpus petitions challenging final orders of removal, we transfer this case to the United States Court of Appeals for the Third Circuit." *Id*., p. 1.

As stated, because Petitioner filed this action after May 11, 2005, and because Petitioner should have filed his present claim that BICE incorrectly denied his application for derivative citizenship *via* a Petition for Review with the Court of Appeals in the Circuit Court where the IC originally filed the Removal Order, pursuant to the Real ID Act, this Court should dismiss the sole claim of Petitioner's Habeas Petition that challenges his Removal Order based on the IJ's failure to grant his request for derivative citizenship for lack of jurisdiction. (Doc. 1, p. 3).[6] In fact, Petitioner concludes by stating that BICE erroneously denied his claim to derivative citizenship despite the fact that he satisfies the requirements for it based on his adoptive father's naturalization, and thus BICE cannot remove him from the United States as a criminal alien. (Doc. 1, p. 6).

In *Bonhometre v. Gonzales*, 414 F.3d 442, 445-446 (3d Cir. 2005), the Third Circuit stated as follows:

> Under the new judicial review regime imposed by the Real ID Act, a petition for review is now the sole and exclusive means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1). *See* 8 U.S.C. § 1252(a)(5)(1999 & Supp.2005). Our jurisdiction was also enlarged, as we now have the authority to consider constitutional claims or questions of law raised in a criminal alien's petition for review. 8 U.S.C. § 1252(a)(2)(D)(2005); *see Papageorgiou v. Gonzales*, 413 F.3d 356, 358, 2005 WL 1490454, * 2 (3d Cir. Jun.24, 2005) (noting that, while the Real ID Act permits judicial review of constitutional claims or questions of law raised by criminal aliens, this Court's jurisdiction remains nonetheless subject

---

[6]The Real ID Act also provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act. . . ." Real ID Act § 106(a)(1) (adding INA § 242(a)(5)) (to be codified at 8 U.S.C. § 1252(a)(5)). Therefore, we note that Petitioner is also free to challenge his removal order after the BIA renders a decision by filing a Petition for Review with the court of appeals in the circuit court where the immigration court originally filed the removal order.

> to the unamended jurisdictional limitations of 8 U.S.C. § 1252). Moreover, all habeas corpus petitions brought by aliens [FN4] that were pending in the district courts on the date the Real ID Act became effective (May 11, 2005) are to be converted to petitions for review and transferred to the appropriate courts of appeals. *See* Real ID Act, Pub.L. 109-13, Div. B, Title I, § 1016(c).  These modifications effectively limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review).  *See* H.R. Conf. Rep. No. 109-72, at 173-75 (2005).
>
>> FN4.  This provision applies only to aliens who are challenging an order of removal via habeas corpus.  An alien challenging the legality of his *detention* still may petition for habeas corpus.  *See* H.R. Conf. Rep. No. 109-72, at 175 (2005).

In *Kamara v. Attorney General*, 420 F.3d 202, 209 (3d Cir. 2005), the Court stated as follows:

> Until May 11 of this year, an alien convicted of an aggravated felony and removable on such grounds was statutorily barred from filing a petition for review in the court of appeals challenging the BIA's finding that s/he was ineligible for relief under the CAT.  *See* 8 U.S.C. § 1252(a)(2)(C); *see also Bakhtriger v. Elwood*, 360 F.3d 414, 420 (3d Cir. 2004); *Patel v. Ashcroft*, 294 F.3d 465, 468 (3d Cir. 2002).  We held in *Ogbudimkpa*, however, that a district court retains jurisdiction to consider claims alleging violations of the CAT raised in a habeas corpus petition.  342 F.3d at 222; *see also* 28 U.S.C. § 2241.  This jurisdictional framework was radically overhauled on May 11, 2005, with the passage of the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231.  The provision relevant to this appeal, Section 106(a) of the Act, amends 8 U.S.C. § 1252(a)(2) to eliminate the district court's habeas corpus jurisdiction (28 U.S.C. §§ 2241, 1361, and 1651) over final orders of removal in nearly all cases. [footnote omitted].  Section 106(a)(1)(B) provides that:
>
>> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and section 1361

9

> and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e) of this section. REAL ID Act § 106(a)(1)(B); 8 U.S.C. § 1252(a)(4).   Section 106(a)(1)(A)(iii) of the Act, however, amends 8 U.S.C. § 1252 by adding a new provision, § 1252(a)(2)(D), which states that: Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.  8 U.S.C. § 1252(a)(2)(D).

Accordingly, because this Court has no jurisdiction over the challenge to Petitioner's Removal Order and his claim of derivative citizenship, Petitioner Shafer may file a petition for review with the applicable circuit court of appeals regarding his present nationality claim.

Further, since Petitioner does not raise a *Zadvydas* claim challenging the legality of his detention by BICE at YCP, this Court has no jurisdiction over Petitioner's sole claim.

## IV. Recommendation.

Based on the foregoing, we respectfully recommend that, pursuant to the Real ID Act, this Court should dismiss the nationality claim of Petitioner's Habeas Petition, which challenges his final Order of Removal based on his claim that BICE should have granted his application for citizenship,

because this Court lacks jurisdiction over such a claim.  We further recommend that Petitioner's *in forma pauperis* Motion (Doc. 2) be granted solely for purpose of filing this Habeas Petition.

         **s/ Thomas M. Blewitt**
         **THOMAS M. BLEWITT**
         **United States Magistrate Judge**

**Dated: February 22, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL DAVID SHAFER, | : | CIVIL ACTION NO. 3:07-0264 |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BUREAU OF IMMIGRATION AND | : | |
| CUSTOMS ENFORCEMENT, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **February 22, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

             **s/ Thomas M. Blewitt**
             **THOMAS M. BLEWITT**
             **United States Magistrate Judge**

**Dated: February 22, 2007**