# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL DAVID SHAFER,** | : | No. 3:07cv264 |
| **Petitioner,** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **BUREAU OF IMMIGRATION AND** | : | |
| **CUSTOMS ENFORCEMENT,** | : | |
| **Respondent** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are Petitioner Samuel David Shafer's objections (Doc. 5) to the report and recommendation (Doc. 4) of Magistrate Judge Thomas M. Blewitt in the instant petition for a writ of habeas corpus. Having been fully briefed, the matter is ripe for disposition.

**Background**

On February 12, 2007, the petitioner, Samuel David Shafer, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Plaintiff, who is thirty-three years old, was born in the Philippines. His mother married a United States citizen in 1979. Petitioner claims that his mother's husband legally adopted him in 1980. He came to the United States in 1984, when he was ten years old. At that point, petitioner became a legal permanent resident. Petitioner claims that his stepfather filed an application for derivative citizenship for him in 1990, but that federal agencies "inexplicably" failed to rule on this application. (Id. at 2).

At the time he filed the petition, Shafer was a prisoner at the York County Prison in York, Pennsylvania. He had been convicted in the Court of Common Pleas of Allegheny County, Pennsylvania in March 2004 of indecent assault and endangering the welfare of a child. (Petition at 2). Because the Bureau of Customs and Immigration Enforcement (BICE) considered petitioner an alien who had been convicted of an aggravated felony, the agency began removal proceedings against the defendant in 2006 pursuant to 8 U.S.C. § 237(a)(2)(A)(iii). Petitioner eventually appeared before an immigration judge, denying that he was alien and asserting a derivative citizenship claim. After being denied this claim in August 2006, plaintiff asserted other grounds for avoiding removal. An immigration judge eventually found that petitioner's conviction constituted an aggravated felony. The immigration judge ordered his removal on November 29, 2006. Petitioner filed an appeal, contending that his conviction should not be considered an aggravated felony. That appeal was still pending–no briefing schedule had even been established–when Shafer filed his habeas corpus petition. As relief, petitioner appeared to ask the court stay his deportation because he had obtained derivative citizenship through his father.

The magistrate judge gave the petition preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254. See Rule 4 (providing that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

2

the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."). The magistrate judge, citing to the Real ID Act, 8 U.S.C. § 1252, found that this court lacked jurisdiction to consider petitioner's claims and recommended that we dismiss them. He also recommended that we grant petitioner's motion to proceed *in forma pauperis* (Doc. 2) solely for the purpose of filing the petition for habeas corpus. Plaintiff filed objections to the report and recommendation (Doc. 5), bringing the case to its present posture.

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The Real ID Act, 8 U.S.C. § 1252(a)(5), states that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)." 8 U.S.C. § 1252(a)(5). Included in this limitation are habeas corpus petitions under 28 U.S.C. §

2241. Id. By that provision, "the Act expressly eliminated district courts' habeas jurisdiction over removal orders." Jordan v. United States Attorney General, 424 F.3d 320, 326 (3d Cir. 2005).

The magistrate judge found that this court lacks jurisdiction to hear the instant petition under the Real ID Act. He concluded that the petitioner asserted one claim, asserting that BICE and an immigration judge erroneously ordered his deportation by denying his claim of derivative citizenship and wrongly concluding that the crime for which he had been convicted qualified him for removal. Because this claim sought review of an order of removal, the petitioner's only avenue for consideration of his habeas action was through the court of appeals. Unlike earlier cases challenging deportation under the Real ID Act, the magistrate judge found that we do not have authority to transfer the case to the appropriate forum. Petitioner filed his claim after the effective date of the act, and the court therefore can only dismiss the claim for want of jurisdiction.

Petitioner objects to these findings. He argues that his claim is separate from his earlier challenge to the removal order and that this court has jurisdiction to hear habeas claims that are not appeals from final orders of removal. He also contends that the Real ID Act does not preclude the court from exercising jurisdiction over citizenship claims in habeas petitions.

We agree with the magistrate judge that we do not have jurisdiction to hear this case. Habeas petitions seeking review of removal orders may only be brought

in the courts of appeals under 8 U.S.C. § 1552(a)(5).  See also Jordan, 424 F.3d at 326.  Here, petitioner claims that BICE erred in ordering his removal because the Bureau and its judges improperly analyzed the nature of his conviction and failed to process properly his earlier application for derivative citizenship.  In order to answer such questions, we would have to review the way that the agency applied immigration law.  Such review is exactly the type of analysis the Real ID Act forbids the district courts from undertaking.  Plaintiff offers several cases he claims hold district courts retain jurisdiction over non-frivolous citizenship claims, despite passage of the Real ID Act.  See Rivera v. Ashcroft, 394 F.3d 1129 (9th Cir. 2005); Bagot v. Ashcroft, 398 F.3d 252 (3d Cir. 2005); Dragenice v. Ridge, 389 F.3d 92 (4th Cir. 2004).  These cases, however, either fail to address the issue of the jurisdiction of this court in Real ID Act cases or were decided before the Act made the Courts of Appeals the exclusive forum for cases like this one.  See Jordan, 424 F.3d at 326 (holding that the Real ID Act "made petitions for review filed with the court of appeals the 'sole and exclusive means for judicial review' of most orders of removal." (citations omitted)).  We will accordingly adopt the report and recommendation and dismiss the case.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL DAVID SHAFER,** | : | No. 3:07cv264 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,** | : | |
| Respondent | : | |

## ORDER

**AND NOW**, to wit, this 24th day of April 2007, the report and recommendation (Doc. 4) of Magistrate Judge Thomas M. Blewitt in the above-captioned case is hereby **ADOPTED**. Samuel David Shafer's petition for a writ of habeas corpus (Doc. 1) is hereby **DISMISSED**. Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is hereby **GRANTED** solely for the purpose of filing the instant petition. The Clerk of Court is directed to close the case.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**